Good morning, Your Honors. May it please the Court. This appeal is limited to one claim out of the Board's final written decision, that is, Claim 6 of the 058 patent. The Board's decision as to that claim is found at Appendix pages 41 and 42, and it is our position, Your Honors, that the Board's decision in this case on the very narrow set of facts in this case violates both the APA and is substantively defective on the evidence. I'm going to start with the APA violation. The reason I say the facts of this case are unique is that I looked at the APA case law that is available from this Court's jurisprudence, and I find no set of facts that aligns with the severity of the unfair surprise that occurred here. The facts that are undisputed… What's the unfair surprise? The Board just found your arguments insufficient and that you didn't meet your burden of proof to show that these were not obvious. Yes, Your Honor, and this is… What would you have the Board do in these circumstances? Provide the parties with an opportunity to be heard and to make arguments on the… In what form? If the Board is going to introduce on its own a factual premise on which it's going to rule that has not been argued by any party… You didn't introduce on its own. You had the obligation to go element by element and the burden of both proof and persuasion to demonstrate that every one of those elements was present in the prior art, correct? That is correct, Your Honor. And you did that? We did. And the Board, turns out, didn't think you did it and met the preponderance of the evidence standard on one of the elements that you actually did it on. Yes, Your Honor. You actually did argue that the lookup table is disclosed in Carter and you put forth your argument as to exactly where it was. Yes, Your Honor. And the Board found it didn't meet the preponderance of the evidence standard. The Board found that the expert declaration and the evidence we cited to in that expert declaration under the Board's opinion, which was not supported by any contrary evidence or argument… Well, that's a different question. You can get to your lack of substantial evidence argument, but I am baffled by your APA argument because it's your burden to show this. It is the Board's role to do fact-finding. It is their role to look at the references you cited and determine whether the elements are disclosed. And the fact that you have an unrebutted expert declaration is not necessarily relevant if they think the prior art itself doesn't show it. They're the ones tasked with looking at it and making factual findings. Again, tell me how you would see this playing out if we found an APA violation. In what form would the Board give you notice that it was going to reject your arguments and find that you'd made a burden of proof? And again, it's an unusual circumstance. No, no. Can you just answer my question? What form? Absolutely, Your Honor. Post-opposition from the patent owner in the IPR proceeding, if no arguments are rendered that would draw a response from the petitioner, then the Board, if they have concerns that were not expressed in the institution decision about a particular limitation, I believe the Board should provide notice that can then be addressed. So you want the Board, if you make arguments and the patent owner doesn't respond, you want the Board to provide an advisory opinion that we're going to reject your arguments anyway before they actually reject them? At some point. Can you cite any single case that requires that? It's your burden of proof. In any area of law. Yes, Your Honor. I would cite the panel here, excuse me. I would cite the court to SAS Institute versus ComplimentSoft, and it's not the, I'll give you a specific site. It's 825 F3rd 1341 at 1351. There, the Board, without any argument from either party as to a claim construction issue, rendered a claim construction in the final written decision. That's entirely different, though. That's a new argument about a new claim construction that was never raised. Here, you pointed to specific prior art references and said, these disclose all of the elements. The Board looked at them and said, no. I don't, I mean, it really, unless you have some other novel way of doing it, it sounds like you think that when the Board accepts an IPR and the patent owner doesn't challenge certain elements of the IPR, that the Board is bound by that initial decision and can't change its mind on final decision. Even though the final decision is the ultimate fact finding, and you bear the burden of proof. And it's made under a different standard, evidentiary standard. It is. There's no question. The institution decision is not binding on the Board. That's not our position. The position that we have presented is that there is a notice requirement. And I believe if the institution decision comes down, and there is literally no development of the record on an issue, that it is a surprise when the Board changes direction in the final written decision. Well, it may be a surprise, but it still doesn't mean the Board has to give you an advisory opinion. The patent owner doesn't have to file a response at all. They could institute, the patent owner could say, we waive our response. We're so confident that this patent is valid that we're not going to waste money responding. And the Board can reject all of your arguments in your petition without giving you notice. Could it not? Post-institution with no counter development of the record whatsoever?  You had your opportunity to make your arguments on the record. If they're insufficient, they're insufficient. You're basically asking for a second bite at the apple. Your second bite at the apple is here saying the Board's fact findings are not supported by substantial evidence. And you may have decent arguments on that. I would suggest you move on and focus on that rather than some unheard of APA notice requirement that I've never seen in any area of administrative law. I will take your suggestion, Your Honor. On the substantial evidence side, here, the Board had in front of it substantial evidence in favor of the petition. The question isn't whether they had substantial evidence in favor of the position. The question is, is there substantial evidence to support what they found, which is that Carter doesn't disclose the lookup table. That's correct, Your Honor. Whether you have substantial evidence is irrelevant. You know how many cases I get in front of me where I think there is actually substantial evidence for the other fact finding, but that's not what I decide. Well, I believe that it is relevant in the sense that the substantial evidence must be judged by viewing the record evidence as a whole. It seems to me that the problem here with the Board's position is that it really didn't address this as an obvious mistake. It talks about the lookup table and the ordering and says it wasn't specifically disclosed in the prior art in connection with jurisdictional profiles, which would seem to be the wrong test because that's an anticipation test. Or you put in evidence in the record that lookup tables and ordering by alphabet were common, and they didn't find that they weren't common. They just said, well, you haven't shown that they were common in connection with the jurisdictional profile, which doesn't seem to be the right way of looking at it. That's correct, Your Honor. I think fundamentally the problem with the Board's analysis here is that they required things even beyond that that weren't required by the claim. Specifically, the Board was asking us to demonstrate that the example we used, which is an alphabetical ordering of the list, that it would be obvious to use the alphabetical order. And we had not presented evidence that it would be obvious to do alphabetical ordering. We had presented evidence that it would be obvious to provide a list that was ordered. And we used alphabetical as an example of that. The claims require, here I have it up, a lookup table which contains an ordered list of locations and associated game configurations. And you argued Carter actually disclosed that. You didn't argue it was obvious. You argued Carter disclosed that. Is that correct? That is not correct. We argued that Carter disclosed a lookup table in a jurisdictional database that correlated jurisdictions with game configurations. And you didn't argue that that met the, expressly met the A lookup table, which contains an ordered list of locations and associated game configurations limitation? No, in fact, in paragraph 117 of our experts' declaration, which is at appendix 3806, we stated that Carter does not disclose storing the locations associated with the jurisdictional profiles in an ordered list. That was where the obviousness analysis came in. It was in paragraph 117 of Mr. Kitchen's declaration where he said, a person having ordinary skill in the art would have understood that ordered lists were extremely well known as a way to organize information for many years prior to the 058 patent, citing to a series of references that he used to inform his opinion. It is that evidence that was not considered by the board and inappropriately considered in the sense that they were requiring. What makes you think it wasn't considered by the board? They didn't comment on Mr. Kitchen's. So you think the fact that they didn't cite it means it wasn't considered? Because I thought they rejected him, his testimony. I don't believe that they analyzed. I can't say what was in the minds of the board, but I can say that they didn't specifically address the statement by Mr. Kitchen that a person of ordinary skill in the art would have understood that ordering lists was extremely well known. And you want to save the rebuttal time there? I do, Your Honor. Unless there's any other immediate questions I can answer, I'll reserve the remainder of my time. Okay, thank you. Thank you. Mr. Barney. Thank you, Your Honor. May it please the court. Would it be fair to say that a lookup table is an index to a database? Essentially, that's what it is. I believe a lookup table is a specific feature that can be used in a database that correlates two sets of data. It's an index, essentially. Well, Your Honor, I'm not a person skilled in the art. I'll take your suggestion. I don't see a problem with the way it's used. The record doesn't define it as such. I'm sorry, Your Honor. The record doesn't define it as such. It does not, Your Honor. So what the board did here, it seems to me, is to fault the petitioner for not bringing in evidence that a lookup table was specifically associated with jurisdictional profiles. It uses the word specifically here at least a couple of times on page 41. But that's not what's required. You don't have to show that a lookup table in the prior art had been used for a jurisdictional profile. What they were saying was that lookup tables were a common way of indexing databases. And the board doesn't seem to really address that question, whether that was a common way of doing it and that ordering the lookup table was also common. They don't really address that question. Your Honor, that was not the argument that FanDuel made. The argument that FanDuel made was that Carter actually did disclose the use of lookup tables with jurisdictional profiles. And the only limitation that was missing, according to FanDuel's argument, was doing so in an ordered list, which is why they brought in the tertiary teaching of the slot payout webpage. That was their argument. That's the way they presented the evidence to the board. And the board... Their experts cited several publications that recognize that lookup tables are common. I disagree, Your Honor. For decades. I disagree, Your Honor. Their expert in paragraph 116 simply recited the exact same... Where in the appendix? I'm sorry. It's appendix page 3806. Volume 2. Yes, Your Honor. Their expert, with respect to the teaching of Carter, simply repeated the same one-sentence, conclusory attorney argument that was contained in FanDuel's petition. And they say, their expert says, Carter's jurisdictional profiles are stored in a database which, quote, may employ dot dot dot lookup tables and the like. And they cite Carter at paragraphs 20 and 31. There is no additional argument or evidence from their expert that lookup tables were common, that it would have been obvious to use it in this fashion. He is making a specific... Yes. Use lookup tables. I mean, that's just a command in the HTML, right? That's what the footnote is saying. Your Honor, which footnote? It's on page 3807. Your Honor, they're referring to ordered lists here. So this footnote is getting to a different point. The footnote refers to lookup tables. And I think if you look at that reference, it says that in HTML, that's a standard command, lookup tables. Your Honor, again, they're talking about ordered lists, which is a different limitation. The claim requires two different... Okay, but look, in your brief, you talk about how important it is for the board to apply its own expertise, right? And the reason these cases are not heard by plucking somebody off the street is that you have board members who are supposed to understand the field that they're involved in. And I don't see the board here bringing to bear its expertise on this issue, which presumably would include the fact that lookup tables were standard, that ordering them was standard. And they just say, oh, well, you didn't show that it was disclosed in connection with jurisdictional profiles. That doesn't seem to me to be what their job is. Your Honor, they... Just out of curiosity, Mr. Barney, is it your view, this is an IPR, correct? That's correct. Is it your view that when the appellant doesn't argue that lookup tables are common, when an expert doesn't say lookup tables are common, that it is the board's job to fill in a missing limitation in a claim with its own expertise in an IPR, which the Supreme Court said the confines of which is governed by the petition as argued? My understanding, Your Honor, is that the board has actually precluded from doing that and that this court has already... That is something you could do on regular examination, of course. Right. Regular examination, but an IPR is an adjudication, correct? That's correct, Your Honor. So, my understanding is that the board is not allowed to essentially step into the shoes of the petitioner and make arguments on behalf of the petitioner that the petitioner didn't actually... If you thought they didn't do their job with respect to the lookup table and the order combination, how was it that you didn't bother to raise that point before the board? Your Honor, the tactical decisions made during the IPR, I cannot address specifically why those tactical decisions were made. But the petitioners had the burden of proving obviousness by preponderance of the evidence. The commission, excuse me, the board made clear in the institution decision that the institution decision was merely preliminary and that... The use of prior art that they pointed to, which was Carter, that said, use lookup tables. Your Honor, Carter... It didn't matter. Carter... It didn't specifically associate it with the jurisdictional profile, but why does it have to do that to be obvious? Well, it's possible that they could have made a different argument than the one they made. The argument they made was that Carter discloses the use of lookup tables with jurisdictional profiles. And the only thing missing was doing so in an ordered list, which is why they went to a tertiary reference, the slots payout webpage. That was their argument, and that's what the board was asked to analyze. And to support that argument, they pointed to paragraphs 20 and 31 of Carter. And when the board, upon the full developed record, looked at paragraph 20 and 31, which is what their expert pointed to, the board found that it did not support that proposition. Paragraph 20 only said, it used the word lookup table generally and for an unspecified purpose. And then paragraph 31 says nothing about lookup tables. And in fact, if you look at paragraph 31, it talks about storing jurisdictional profiles. Is the problem here that this is just so obvious that they didn't actually bother to fill in the evidence and the board caught them on that because it's a failure of proof? I mean, lookup tables, as I understand it, and again, you heard, I'm not a science person, but they seem pretty well known in the art. And to do them for this kind of thing seems like they could have gotten an expert to testify very quickly, but they didn't. And so what the board said, you didn't connect lookup tables with this jurisdictional profile in the art, and nobody would have known to do that. I mean, I find these lack of, you know, or non-obviousness findings based upon a lack of showing and then looking at whether there's a lack of substantial evidence difficult because we're looking at basically double negatives. Is the board right that there's nothing out there and how do we determine that when what we're looking for is a lack of evidence? But isn't that really just the case here that there's no, they didn't provide specific evidence on that combination and the board found that they didn't? I think I agree with most of what you said. I don't agree that it's so obvious. I know you don't agree that it's obvious. But I think the rest of what you said is correct. If they'd had an expert declaration that said, even if you disagree with it, if instead, if they'd had an expert declaration that said lookup tables are obvious, or they're well-known, not obvious, that's legally determined. Lookup tables are well-known in the art. They're used for all kinds of things, and a skilled artisan would have understand that they can be used for this kind of jurisdictional thing. That would be the type of evidence that would, what the board could have relied on. I think that's fair to say. But that's not there. Maybe it is there. I don't think your characterization of what they said is accurate in the sense that their sole argument was that Carter shows lookup tables in connection with jurisdictional profiles. I think if you look at page 3806, they refer to Carter and say that this shows the general use of lookup tables. It doesn't say that it necessarily associates it with jurisdictional profiles. It just says lookup tables are something that you can use. Your Honor, I think their argument, even in their brief to this court, is that they argued that Carter discloses the use of lookup tables specifically with jurisdictional profiles, and that the only missing limitation for purposes of obviousness was an ordered list, which is why they went to a tertiary reference for that. So, and that's certainly the way the board read their argument, and that's the way we understood their argument. I believe that's what they argued in their brief here on appeal, is that they believe Carter did disclose the use of jurisdictional profiles with a lookup table. But that's not what Carter discloses. It only discloses lookup tables generally for an unspecified purpose, and it doesn't tie it together. Oh, so that's the point. It does disclose lookup tables generally. For an unspecified purpose, which is what the board said. The question is whether it would be within the skill of someone than they are to combine lookup tables with jurisdictional profiles, which is an issue, which is I read the board's decision they haven't addressed. Your Honor, I respectfully disagree. They addressed it under the context of the argument that was presented to them. In fact, if you look at it. They only addressed it in connection with there's no showing of the use of lookup tables in connection with jurisdictional profiles. This is on page 41. This does not disclose that the jurisdictional profiles specifically employ lookup tables. That's right. That's not the right test, right? Well, Your Honor, but that was the basis of their obviousness argument. That Walker disclosed, excuse me, that Carter disclosed lookup tables specifically with jurisdictional profiles, thereby satisfying part of Claim 6. And then the rest of Claim 6. If we conclude that the argument went beyond that, this was wrong. Orderless. Don't forget orderless. I don't think so, Your Honor. There's two things. Two things. There's jurisdictional profiles. There's the requirement of a lookup table and the requirement of an ordered list. The board actually found neither of those. That would solve the lookup table. The board found that. I'm sorry, Your Honor. That would solve the lookup table problem, but you're saying it wouldn't solve the ordered list. That's correct. Because the board found that their experts' opinion on the ordered list was conclusory and based on hindsight. And to be clear, they didn't make the argument on the lookup table that Judge Dyke is articulating. That's correct, Your Honor. They did not. Okay.  Thank you, Your Honor. Thank you, Mr. Burr. I believe fundamentally what the board did was treat this as an anticipation rejection as opposed to giving full consideration to the obviousness analysis that was presented in our petition and supported by expert testimony. Where does your expert testimony that say lookup tables are well known in the art? The expert's testimony noted that the lookup table was mentioned in Carter itself. That doesn't say it's well known in the art. It just says it's mentioned. In 38... Here's the real problem. You didn't present the right theory and you didn't present the right evidence to support that theory. I mean, Carter discloses most of this. I think you get the other thing from that gaming page. But there's no testimony from your expert that says a skilled artist would have looked at all of this and found these obvious. You had a different, more narrow theory that the board rejected, that Carter disclosed basically everything except the ordering. And even if I agreed with you on the ordering and that they improperly ignored that other piece of art, you still didn't disclose... I mean, there's still evidence to support the notion that Carter doesn't specifically disclose lookup tables with jurisdiction. You should have had an expert that said even if Carter doesn't specifically disclose this, a skilled artisan would understand that lookup tables can be used to do this. But you didn't, did you? I think that's exactly what we have. Well, where is it that your expert says that? To understand this combination of what was happening here, the Carter reference in paragraph 31, it discloses a database. A database that does the correlation, the correlation between jurisdictions and the gaming configurations. So that's in paragraph... It sounds like you're going to launch down a factual argument that's going to make me try to understand it for the first time rather than point to expert testimony saying in specific words what the theory I just articulated was. I can show you, Your Honor, in paragraph 116. What page? 3806 of the appendix. That's the same page we've been looking at, right? It is. And I want to explain what the expert was saying here. See, again, you can't explain the expert saying something. You have to show the expert saying something. I will, Your Honor. In paragraph 116, the sentence that begins, it's four lines down, Carter's jurisdictional profiles are stored in a database. That's paragraph 131 of Carter that's cited there. Yeah. And Carter separately says in paragraph 20 that it can employ lookup tables. That, from the perspective of one of ordinary skill in the art, is a teaching that the lookup tables that are known in the art... reading between the lines of what this paragraph actually said. I think I probably entirely agree with you from my completely unscientific perspective, but that's not my job. And then at the last sentence of paragraph 116, the expert, Mr. Kitchen, stated, Therefore, Carter, in view of Walker, teaches a lookup table containing locations and associated game configurations. That was the expert's conclusion based upon the expert's understanding of what the art teaches. And I believe, in closing, Your Honor, that the board substituted its own understanding for that testimony without any supporting evidence to contradict what we put forward in our petition. And with that, if there are no further questions, I will cede the remainder of my time. Okay. Thank you. Thank both counsel. The case is submitted.